## Case No. 2,993a.

### COLGATE v. LAW TEL. CO.

[5 Ban. & A. 437.][1]

Circuit Court, S. D. New York. May, 1880.

PATENTS—EQUIVALENTS—INJUNCTION.

Where, upon a motion for a preliminary injunction, it appeared that the substance used by the defendant was not known, at the date of the complainant's patent, to possess properties rendering it suitable for the same purposes as the material used by complainant in his patented combination: *Held*, that the complainant's patent did not cover such substance as an equivalent, its qualities for those purposes having become known after the date of such patent, and the injunction was, therefore, refused.

[This was a bill in equity by Clinton G. Colgate, heard on motion for a preliminary injunction.] The claim of the complainant's patent [No. 65,019], issued to George B. Simpson, May 21st, 1867, was for "the combination of gutta-percha and metallic wire in such form as to encase a wire or wires, or other conductors of electricity, within the non-conducting substance gutta-percha, making a 'submarine telegraph cable,' at once flexible and convenient, which may be suspended on poles in the air, submerged in water, or buried in the earth, to any extent, for atmospheric or submarine telegraphic communication, and for other electric, galvanic and magnetic uses, as hereinbefore described." "Kerite," the material used by the defendant, is a substance composed of vegetable and mineral hydro-carbons (comprising cotton-seed oils, tar, etc.), with sometimes a slight admixture of pulverized clay or talc, combined with India rubber, and vulcanized. It appeared from the evidence submitted on the motion that kerite was not invented with a view to being used for insulating purposes, and that it was not known, until some time after its invention and after the date of the Simpson patent, that it possessed properties which made it a good material for insulating telegraph cables. It was disputed that kerite was an equivalent of the gutta-percha of the Simpson patent.

Betts, Atterbury & Betts, for complainant. Childs & Hull and S. D. Cozzens, for defendant.

BLATCHFORD, Circuit Judge. So far as appears from the papers on this motion, it was not known at the date of the plaintiff's patent that the substance used by the defendant, and called "kerite," was such a non-conductor of electricity that it could be used in combination with a conductor of electricity in the manner claimed in the plaintiff's patent, to make such a cable as is claimed in the plaintiff's patent. Nor does it appear that qualities were then known as existing in that substance which would necessarily lead to the conclusion that it could be so used. Even if the things so unknown had then been known, and even if such substance had before been so used, the plaintiff's patent would still be valid. This being so, it would seem to follow that, under the conditions above stated, the plaintiff's patent cannot be construed to cover such substance, in regard to which such things became known after the date of the plaintiff's patent. It may be that a different case may be shown on other papers, or for final hearing, but, as at present advised, I do not see that the motion for a preliminary injunction, based on the use by the defendant of the aforesaid substance, can be granted.

[NOTE. For other cases involving this patent, see note to Colgate v. W. U. Tel. Co., Case No. 2,995.]